UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID M. GRIPP                                                                      PLAINTIFF

v.                                         CIVIL ACTION NO. 3:18-CV-709-RGJ

FED, STATE & LOCAL                                     DEFENDANTS

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff David M. Gripp filed the instant *pro se* action on a civil complaint form. He identifies the Defendants in the caption as "Fed., State & Local," which appears to refer to the federal government and the governments of the Commonwealth of Kentucky and the City of Louisville.

In the statement-of-claim portion of the form, Plaintiff states, "All 3 have been scum since the bisness got started and read what unless your stupid or are stupid imagrant or associates of them." In the portion of the complaint in which to state the basis for federal question jurisdiction, Plaintiff states: "[illegible] your connected with rich or poor or who ever has not done the paying of products I have produced or made." He also filled out the portion of the form asking for the basis of diversity jurisdiction, which is mostly incomprehensible, but which states that he "is not a imagrant nore little soldier . . . ." In the relief section, he writes, "so as to those or the groups you have heard from Trump to the three voises of Obama and even see my justice and get your statements to me or just a miss eleant and ya just because of money or a job."

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint fails to meet this standard. He fails to set forth any jurisdictional basis for filing this case in federal court. He fails to provide any coherent statement of his claim(s) or request for relief. Plaintiff, therefore, fails to give Defendants "fair notice" of his claim(s) against them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff fails to allege any jurisdictional basis or set forth coherent factual allegations in his complaint, this action will be dismissed by separate Order for failure to meet the pleading standard in Fed. R. Civ. P. 8(a).

Date:

cc: Plaintiff, *pro se*
A961.009